## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROBERT YOUNG, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No.  12-2384 |
|  | : |  |
| OLESEYI AFYWAPE and | : |  |
| WILLIAM J. PALATUCCI, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                          **SEPTEMBER 5, 2012**

Presently before this Court are Defendants', Oleseyi Afywape and William J. Palatucci's

("Defendants"), Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(6), and Plaintiff, Robert Young's ("Plaintiff"), Response in Opposition.  For the

reasons set forth below, this Motion is denied.

## I.    BACKGROUND

This incident took place at Coleman Hall, ("Coleman"), an educational and treatment

center used by the Pennsylvania Board of Probation and Parole located in Philadelphia,

Pennsylvania.   (Compl. at 3.)  Plaintiff was a detainee at Coleman, Defendant Afywape a staff

member and Defendant Palatucci was employed as the Vice President of Operations for

Community Education Centers, Inc., which oversees operations at Coleman.  (Id.)

On November 7, 2011, Plaintiff, while confined at Coleman in the Tranquility Unit

Secured Section for a sixty day program, was accused of assault by Defendant Afywape.  (Id.)

As a result of this accusation, Plaintiff was arrested by the Philadelphia Police Department and

placed in Philadelphia County Prison.  (Id.)  These charges were later dismissed.  (Id.)  After the dismissal, Plaintiff filed a civil complaint under the Civil Rights Act (42 U.S.C. § 1983). (Compl. at 1.)  Specifically, Plaintiff alleges false arrest, false imprisonment and malicious prosecution.  (Compl. at 3.)

 On July 25, 2012, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff responded with a Brief in Opposition on August 14, 2012. We must determine whether Plaintiff has satisfied the pleading requirements and adequately set forth a claim from which relief may be granted.

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted.  Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Philadelphia, No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)).  In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to determine whether to grant or deny a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The United States Court of Appeals for the Third Circuit has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint.  Wilson v. City of

2

Philadelphia, 415 Fed. Appx. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555. Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Where there are well-pleaded facts, courts must assume their truthfulness.  Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief.  Id. at 679.  This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. 544 at 570).  This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'"  Id. (quoting Twombly, 550 U.S. at 557).  In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from

conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 Fed. Appx. 670, 673 (3d Cir. 2010).

## III.    DISCUSSION

Defendants set forth two main legal arguments in support of the Motion.  First, Defendants assert that the Plaintiff's claims are barred by the United States Supreme Court's ("Supreme Court") holding in Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Second, Defendants claim that Plaintiff's Complaint must be dismissed because it does not satisfy the heightened pleading standard announced in Iqbal, fails to allege any personal involvement on behalf of either Defendant and that allowing Plaintiff to amend the Complaint would be futile. See Iqbal, 556 U.S. at 679.

### A.  Analysis of the Plaintiff's Claims in Light of Heck v. Humphrey

Defendants assert that the Supreme Court's ruling in Heck v. Humphrey prohibits Plaintiff's § 1983 claims.  However, this argument fails to carry weight as Defendants misinterpret the Court's holding.

Heck involved a § 1983 claim by a plaintiff, who was convicted and serving time for voluntary manslaughter, against the prosecutors and investigators that collaborated in his conviction.[1]  Heck v. Humphrey, 512 U.S. 477, 478-79 (1994).  In the action, Heck sought only compensatory and punitive monetary relief.  Id.  Even though Heck did not seek injunctive relief or release from custody, if Heck's contentions were validated, his conviction and sentence would be called into question.  Id.  The Court expressed apprehension about § 1983 suits that cast doubt

---

[1]Specifically, Heck alleged that the Defendants engaged in an unlawful, unreasonable and arbitrary investigation, knowingly destroyed evidence and utilized an illegal voice identification procedure.  Heck, 512 U.S. at 478-79.

4

upon, even indirectly, the validity of a criminal conviction and sentence.  Id. at 487.  In this case, if Heck's contentions were validated, his conviction and sentence would be called into question. Id.  Thus, § 1983 would become a vehicle for collateral attacks on criminal convictions and sentences.  Id.  With this in mind, the Court held that in § 1983 suits, where plaintiff seeks to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the district court must dismiss the action unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id.

We find Heck inapposite to the case before this Court.  Here, the Plaintiff is not alleging civil rights abuses stemming from a conviction.  Quite to the contrary, Plaintiff is seeking judicial remedy for violations of his civil rights from a non-conviction.  Plaintiff's Complaint adequately demonstrates that he was acquitted of the assault claim, and therefore, the judicial concerns apparent in Heck are absent in this case.  Id. (asserting the action must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated).  Thus, Heck has no bearing on the Plaintiff's action.  Consequently, Defendants' argument for dismissal on this ground is denied.

### B.  Adequacy of the Complaint

We must now determine whether Plaintiff's Complaint satisfies the pleading requirements necessary to proceed with the litigation.  Defendants assert that Plaintiff's Complaint is content deficient.  Specifically, Defendants contend that Plaintiff has failed to set forth any factual allegation implicating the personal involvement of either Defendant. Defendants cite to case law positing that liability under § 1983 requires a showing of personal involvement by the defendant in the alleged action.  See Johnson v. Miller, 925 F.Supp. 334, 337

(E.D. Pa. 1996).  Defendants' argue that these deficiencies warrant dismissal with prejudice. After careful scrutiny of the Plaintiff's Complaint, we agree with the Defendants' arguments and find that the Complaint is inadequate.  However, this finding does not end the analysis.  Next, we must determine whether Plaintiff should be given an opportunity to amend the deficient Complaint.

Decades of clear judicial precedent mandate that "in civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Darr v. Wolfe, 767 F.2d 79, 80-81 (3d Cir. 1985); Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir. 1970); I-Keim Smith v. Lt. J. Price, No. 11-1581, 2012 WL 1068159, at *5 (M.D. Pa. Mar. 5, 2012).  Historically, in civil rights cases, which compelled a heightened level of pleading, courts utilized an "amendment rule" in an effort to shelter colorable claims from premature dismissal.  Fletcher-Harlee Corp., 482 F.3d at 251.  However, the 1990's saw the heightened pleading requirements give way to the more lenient notice pleading standards.  See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998).  In spite of this change, this Circuit has continued to apply the "amendment rule" in civil rights cases going so far as to find that leave to amend must be granted *sua sponte* before dismissing these actions.  Fletcher-Harlee Corp., 482 F.3d at 252.  Additionally, courts have consistently asserted that claims by *pro se* plaintiffs are especially vulnerable, and merit significant consideration into allowing amendment of the complaint.  See Id.; see also Darr, 767 F.2d at 80-81; Kauffman, 420 F.2d at 1276.  This is particularly necessary now that the pleading

standards have returned to their heightened state in light of Twombly and Iqbal.  See Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555.  Here, taking into consideration the ample precedent and Plaintiff's *pro se* status, we deny Defendants' Motion to Dismiss in order to allow Plaintiff an opportunity to amend the Complaint.

Finally, Defendants contend that Plaintiff should not be afforded an opportunity to amend because doing so would be futile.  However, Defendants' futility argument is premised on their incorrect interpretation of Heck v. Humphrey.  Accordingly, we find no legal support for this argument.  Additionally, our decision rests on decades of judicial precedent allowing plaintiffs in § 1983 actions an opportunity to amend its Complaint.

With due regard for Plaintiff's *pro se* status and our previous denial of the appointment of counsel, we believe it prudent to provide clear guidelines for the Plaintiff to follow in amending the Complaint.  As an initial matter, it is important to note that if Plaintiff files an Amended Complaint, it invalidates the original Complaint.  Therefore, Plaintiff must include all the necessary information from the original Complaint in the Amended Complaint.  He cannot rely on any information solely found in his original Complaint.

The Amended Complaint should begin by naming the defendants.  Specifically, Plaintiff must answer the question, "who is he suing?"  Next, Plaintiff must clearly specify the offensive activities that each Defendant allegedly undertook which give rise to this lawsuit.  Simply, Plaintiff must state "why and for what actions is he suing each Defendant?"  It is important that Plaintiff state specific facts here so his claim rises above mere speculation.  Simply naming Defendants and alleging that they acted wrongfully will not suffice.  Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual

7

allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be sufficient to allow the court to make a reasonable inference that the Defendants are liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. 544 at 570).  Additionally, Plaintiff should set forth his allegations against each Defendant individually.  Civil rights actions under § 1983 require allegations of personal involvement by each of the defendants.  Johnson v. Miller, 925 F. Supp. At 337. Finally, Plaintiff must indicate the relief sought.  Here, it appears the Plaintiff is seeking monetary compensation, so he must state the amount requested.  We note that the amount sought in compensatory and punitive damages differs between Plaintiff's Complaint and his Response in Opposition to the Motion to Dismiss.  In the Amended Complaint, Plaintiff should specify exactly what type and the amount of damages he seeks.

In conclusion, we find Plaintiff's Complaint unsatisfactory and allow him thirty days to file an amended complaint if he so chooses.  However, we counsel Plaintiff that if he fails to file an Amended Complaint within the thirty days that we will dismiss the case for failing to state a claim from which relief can be granted.  If Plaintiff files an Amended Complaint that neglects to follow the requirements set forth in this Memorandum, his case could be dismissed.

**IV.**    **CONCLUSION**

For the aforementioned reasons, we deny Defendants' Motion to Dismiss and allow the Plaintiff thirty days to properly amend his Complaint.  We caution Plaintiff to carefully follow the guidelines set forth in this opinion or his claim may be dismissed without leave to amend.

An appropriate Order follows.

8